NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE JASON ONTJES AND JOEL ALDERSON**

---

2014-1157

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board, in Serial No. 12/757,643.

---

Decided: September 25, 2014

---

JOHN M. COLLINS, Hovey Williams LLP, of Overland Park, Kansas, for appellants.

NATHAN K. KELLEY, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for appellee. With him on the brief were MONICA B. LATEEF and FARHEENA Y. RASHEED, Associate Solicitors.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

On April 9, 2010, Jason Ontjes and Joel Alderson filed an application for a utility patent entitled "Decorative Propane Tank Assembly." U.S. Patent Application No.

12/757,643. The application describes and claims a simple invention: a cover assembly, for a propane tank with certain structural features, designed to resemble a football helmet or other sports-related object. The application discusses the use of the invention in tailgating cookouts in parking lots at sports stadiums.

The patent examiner rejected all claims that are at issue here as obvious over the prior art. The Patent Trial and Appeal Board affirmed the examiner's rejections for obviousness, relying on four prior-art references: (1) U.S. Patent No. 4,473,171 (Nunlist); (2) U.S. Patent No. 4,765,458 (Flanigen); (3) U.S. Patent Application No. US 2009/0057325 A1 (Tullio); and (4) U.S. Patent No. US D577,791 S (Kalb). *Ex Parte Jason Ontjes and Joel Alderson*, No. 2011-010529, 2013 WL 4692713 (PTAB Aug. 29, 2013) (*Board Decision*).

Ontjes and Alderson appeal under 35 U.S.C. § 141. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

BACKGROUND

Claim 1 is representative. It reads:

A sports-related cover assembly for a propane tank, said tank including an upper wall and a valve extending upwardly from the upper wall, said cover assembly comprising a decorative body having wall structure configured to be placed about a propane tank and presenting an upper and a lower margin, said wall structure including a substantially rigid outer wall shaped and configured to present a three-dimensional likeness of a sports-related item, said valve extending above said cover assembly upper margin, said decorative body formed of metal, permanently secured to said tank, presenting a concavo-convex wall segment, and having a portion thereof spaced at least one-half inch from the tank.

J.A. 448.  Ontjes and Alderson have not shown how the required analysis produces a different result for any other claim—either independent claim 15 (a "tank assembly") or the dependent claims.

Figure 6 depicts one embodiment:



Each of the four prior-art references relied on by the Board describes either a container or a sports-themed object related to containers.  Specifically, Nunlist describes a jacketed pressurized tank capable of holding liquid chemicals, *see* J.A. 510 (left-hand figure below), and Flanigen describes an asbestos-free gas-storage vessel, *see* J.A. 502 (right-hand figure below).



Tullio describes a beer koozie decorated to resemble a miniature football helmet, *see* J.A. 518 (left-hand figure below), and Kalb describes a tank cover with the ornamental design of a football, *see* J.A. 508 (right-hand figure below).



## DISCUSSION

A claimed invention is unpatentable if, at the time of invention, it would have been obvious to one of ordinary skill in the relevant art. 35 U.S.C. § 103. Obviousness presents a question of law based on underlying findings of fact about, *e.g.*, the scope and content of the prior art and the differences between the prior art and the claims at issue. *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966). We review the Board's legal conclusion of obviousness de novo and its underlying findings of fact for substantial evidence. *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1312 (citations and internal quotation marks omitted).

## A

The Board did not err in considering Nunlist, Flanigen, Tullio, and Kalb in the obviousness analysis. It is sufficient for consideration of a reference that it is "reasonably pertinent to the particular problem with which the inventor is involved." *In re Klein*, 647 F.3d 1343, 1348 (Fed. Cir. 2011) (citation and internal quotation marks omitted). The standard is met if the reference "is one which, because of the matter with which it deals, logically would have commended itself to an inventor's attention in considering his problem." *Id.* (citation and internal quotation marks omitted). We review the Board's analogous-art determination for substantial evidence. *Id.* at 1347 (citation omitted).

According to Ontjes and Alderson's patent application, their invention is meant to solve the problem of "unattractive and innocuous propane tanks" by "decorat[ing them] in a manner consistent with a tailgate party scheme, . . . particularly [by] giv[ing] the appearance or likeness of a sports-related item." J.A. 16. Nunlist, Flanigen, Tullio, and Kalb are all reasonably pertinent to that particular

problem—Nunlist and Flanigen because they teach how to design a vessel for containing fluids such as propane, Tullio and Kalb because they teach how to make containers more pleasing to the eye through sports-themed decoration. The Board could find that those references would commend themselves to the attention of an inventor set on encasing a propane tank in a structure shaped like a football helmet.

B

The Board committed no error in reaching its obviousness conclusion in light of the prior art. As an initial matter, if one puts aside the purely ornamental features here, Nunlist alone discloses nearly all of Ontjes and Alderson's claimed elements. For example, Ontjes and Alderson's propane tank consists of an "upper wall[,] . . . a valve extending upwardly from the upper wall[, and] . . . a substantially rigid outer wall." J.A. 22. The Board could readily find that Nunlist teaches "a valve extending upwardly from [an] upper wall" because it discloses a valve that extends from the top of a steel wall. J.A. 513 (Nunlist, col. 2, lines 44–58); *see also Board Decision* at *2. Moreover, as the Board found, Nunlist's "outer jacket wall" teaches Ontjes and Alderson's claimed outer wall. *Board Decision* at *2.

Ontjes and Alderson point out that none of the four prior-art references relied on by the Board specifically describe propane tanks. Appellants' Br. at 17. But "[a] person of ordinary skill is also a person of ordinary creativity, not an automaton." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007). Given the structural similarities between a propane tank and the tanks taught by Nunlist and Flanigen, designing a propane tank based on the references at issue here would have been obvious.

The Board found that certain features of the claimed invention were "'purely ornamental'"—"only providing ornamentation, and no mechanical function." *Board*

*Decision* at *4.  It concluded that those features "cannot be relied upon for patentability" in a utility patent and that, even if the features are considered, the claims still must be invalidated for obviousness. *Id.* at *4–5. Without addressing the first conclusion, we affirm because we agree with the second conclusion.

Even if purely ornamental features should be given patentable weight, Tullio and Kalb disclose all the ornamental features—"sports-related," "decorative body," "configured to present a three-dimensional likeness of a sports-related item" (J.A. 448)—that Ontjes and Alderson claim.  Tullio, for example, describes a decorative, three-dimensional can-holder that looks like a football helmet. Kalb describes a football-shaped tank cover.  Ontjes and Alderson's invention is more of the same: a sports-themed cover added to a propane tank.  "Such a combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *KSR*, 550 U.S. at 401.

CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

No costs.

**AFFIRMED**